IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01799-LTB

**MAURICE M. KALALA**,

    Applicant,

v.

**JOHN LONGSHORE**, U.S. Immigration and Customs Enforcement, and
**THE OFFICE OF CHIEF COUNSEL**,

    Respondents.

---

## ORDER OF DISMISSAL

---

An Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 has been filed by Applicant alleging that he is being held illegally. For the reasons set forth below, the Court will dismiss the Application for lack of subject matter jurisdiction.

### A.  Relevant Background Information

Applicant was placed in removal proceedings with the filing of a Notice to Appear (NTA) issued on September 19, 2014. The NTA charged Applicant with being removable under two grounds: 1) under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F) (a crime of violence for which the term of imprisonment is at least one year); and 2) under 8 U.S.C. § 1227(a)(2)(A)(ii) because he was convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct.

An Immigration Judge (IJ) held the final hearing in the Applicant's removal proceedings on February 18, 2015. The IJ found Applicant removable for having been

convicted of two crimes involving moral turpitude not arising out of single scheme of criminal misconduct, under 8 U.S.C. § 1227(a)(2)(A)(ii), denied Applicant's relief applications—including an application for cancellation of removal—and ordered Applicant removed from the United States. In his habeas corpus application, Applicant raises two claims. First, he asserts that the United States Immigration and Customs Enforcement (ICE) has exceeded the time limit to execute the order of removal. In his second claim, he alleges that ICE violated his rights because the IJ denied his application for cancellation of removal in spite of the fact that he alleges that he was never convicted of an aggravated felony.

### B. Subject Matter Jurisdiction

Respondents have filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for Lack of Jurisdiction (ECF No. 14). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party invoking jurisdiction bears the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial

attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* at 1003. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. *Id.* A jurisdictional challenge is factual where the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *Id.*

1. Mootness

Applicant's first claim requested a release from custody. Specifically, he claimed that he was entitled to release because he had been held in detention longer than 180 days in violation of 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (holding that detention of alien subject to a final order of removal for six months is presumptively reasonable under § 1231(a)(6); after the 6-month period, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing).

Applicant's first claim is moot because he no longer is in ICE custody. Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving "a case or controversy." U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l*

*Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted). If the Court finds that a case is moot, it must dismiss the case for lack of jurisdiction. *See, e.g., McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7. To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, an actual injury traceable to respondents and likely to be redressed by a favorable judicial decision. *Lewis v. Cont'l. Bank Corp.*, 494 U.S. 472, 478 (1990). Here, Applicant was removed from the United States on September 15, 2015, and released from ICE custody in his native country on September 17, 2015. Because Applicant has already been released from custody, his first claim requesting a release from custody based on the 180-day rule is moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2001) (holding habeas application was moot when a removal order had been executed and applicant was no longer in custody to benefit from release).

Accordingly, once a habeas applicant has been removed from the United States, there must be some "collateral consequence" that may be redressed by success on the

4

application for the habeas case to be maintained.  *See Tapia Garcia v. INS*, 237 F.3d 1216, 1218 (10th Cir. 2001) ("Because Mr. Tapia–Garcia is no longer subject to deportation and is not being detained by the INS, his situation is analogous to a prisoner whose sentence has expired.  As such, his deportation must have "collateral consequences" in order to present a case or controversy cognizable on appeal."); *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that mootness doctrine does not apply if:  1) secondary or collateral injuries survive after resolution of the primary injury; 2) the issue is deemed a wrong capable of repetition yet evading review; 3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or 4) it is a properly certified class action suit) (quotation omitted).

The primary injury alleged in the habeas corpus petition under claim one was Petitioner's illegal detention, not the final order of removal to which he was subject.  Thus, although Applicant may face the inability to return to the United States as a result of his removal, this is a collateral consequence that stems from his removal order, not the detention that he challenges in his habeas application.  As such, the Court finds that there are no collateral consequences that rise to the level of constitutional injury sufficient to render this case a live controversy under Article III.  *Accord Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (finding that petitioner's inability to return to the United States was not a collateral consequence sufficient to support justicibility under Article III of alien's habeas petition challenging illegal detention).  In other words, a favorable judicial determination on Applicant's first claim would not alter the removal order itself or affect his ability to return to the United States as a result of that removal order.  Accordingly, the Court will dismiss his first claim as moot. *Accord Escamilla v. Longshor,* Civil Action No. 11–0647,

2011 WL 2694669, 4 (D. Colo. July 12, 2011).

2.  <u>No jurisdiction in District Court over Removal Order</u>

Applicant's second claim fails because this Court does not have jurisdiction over it. With regard to this claim, the IJ held the final hearing in the Applicant's removal proceedings on February 18, 2015. At that time, the IJ found Applicant removable for having been convicted of two crimes involving moral turpitude not arising out of single scheme of criminal misconduct, under 8 U.S.C. § 1227(a)(2)(A)(ii), denied Applicant's relief applications—including an application for cancellation of removal—and ordered Applicant removed from the United States. In his second claim, Applicant challenges the denial of his application for cancellation of removal.

An application for cancellation of removal is made under 8 U.S.C. § 1229b. A lawful permanent resident may be eligible for cancellation of removal if the individual: 1) has been lawfully admitted for permanent residence for at least five years; 2) has resided in the United States continuously for at least seven years after admittance; and 3) has not been convicted of an aggravated felony. 8 U.S.C. § 1229b. An IJ pretermits an application for cancellation of removal when he or she finds that the alien does not establish the first step of eligibility for cancellation of removal. *See, e.g.*, *Olmstead v. Holder*, 588 F.3d 556, 558 (8th Cir. 2009). It appears that the IJ found that Applicant could not establish that he had not been convicted of an aggravated felony and therefore could not meet the eligibility requirements for cancellation.

Direct judicial review of "all questions of law and fact arising from any action or proceeding brought to remove an alien" is only available in the federal circuit courts of appeals. *See* 8 U.S.C. § 1252(a)(5) ("A petition for review filed with an appropriate court of

appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."). The jurisdiction of the court of appeals to resolve such challenges is exclusive. *Ferry*, 457 F.3d 1131. Cancellation of removal arises out of the removal process and challenges to cancellation-of-removal decisions may only be made in a challenge to the final order of removal pursuant to 8 U.S.C. § 1252(b)(9). Thus, challenges to denials of cancellation of removal are also challenges to orders of removal and within the courts of appeals' exclusive jurisdiction to consider such challenges. *Leiva v. Clark*, 446 F. App'x 899, 900 (9th Cir. Aug. 11, 2011). Therefore, this Court lacks jurisdiction to consider Applicant's second claim.

3.  <u>Failure to Exhaust</u>

Moreover, even if it did, Applicant's failure to have exhausted his administrative remedies before the Board of Immigration Appeals (BIA) warrants dismissal of this claim. The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." A federal court lacks jurisdiction to review final orders in immigration cases unless the alien has exhausted all administrative remedies available to the alien as of right. *See Ribas v. Mukasey*, 545 F.3d 922, 930–31 (10th Cir. 2008). A petitioner fails to exhaust administrative remedies with respect to a particular claim when he or she does not raise that claim before the BIA. *Molina v. Holder*, 763 F.3d 1259, 1262 (10th Cir. 2014).

Here, Applicant waived his right to appeal after having been advised of his appeal rights. ECF No. 9-6, at 3. Thus, because Applicant did not present any of his claims before the BIA, neither this Court nor the Court of Appeals for the Tenth Circuit has jurisdiction to

review his second claim. Consequently, his second claim will be dismissed as well. An appropriate order follows.

### C.  Orders

For the reasons discussed above, it is

**ORDERED** that Respondents' Motion to Dismiss (ECF No. 14) is **GRANTED** and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Maurice M. Kalala, is **DENIED** and this action is **DISMISSED WITH PREJUDICE**. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Kalala files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 6, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock
Senior United States District Judge